# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJIE JEAN HAYMON, ) | 1:07cv0639 AWI DLB |
| Plaintiff, ) | |
| v. ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SBC, et.al., ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this action on April 27, 2007. Plaintiff alleges that she was injured by a loose SBC cable while she was walking down the street. Plaintiff contends the cable was attached to a PG&E pole. Plaintiff names SBC, AT&T Corporation and PG&E as defendants and requests monetary damages.

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Plaintiff alleges that SBC was negligent in maintaining their cable system. She contends the cable was approximately 2 inches in diameter with very sharp ends. She contends that as the cable swung down, she turned her head to avoid but the cable hit her right eye. She has pain in her knee and neck as well as her eye.

Plaintiff has failed to state the grounds for jurisdiction of this Court pursuant to Rule 8. The Federal Courts are courts of limited jurisdiction. Unlike the state courts, there is no inherent or general subject matter jurisdiction. The Federal Court can only adjudicate those cases that the Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. <u>Kokkonen v. Guardian Life Ins. Co. Of America</u>, 511 U.S. 375 (1994). Plaintiff has not alleged any basis for Federal Court jurisdiction in the present case. Plaintiff has not alleged the deprivation of a federal constitutional or statutory right. It appears that diversity of citizenship may exist, however, plaintiff does not include the citizenship of any of the parties in the complaint. The Court is therefore unable to determine if it has jurisdiction over the instant action. Plaintiff will be granted an opportunity to amend the complaint to remedy this deficiency, as described below.

For the above reasons, the Court must dismiss plaintiff's complaint. The court will, however, grant plaintiff the opportunity to amend the complaint to attempt to correct the deficiencies. Plaintiff is advised that the court cannot refer to a prior pleading in order to make

1  his amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
2  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
3  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
4  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
5  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
6  and the involvement of each defendant must be sufficiently alleged.

   Plaintiff is further advised that failure to file an amended complaint consistent with this order may result in dismissal of the action.

   Accordingly, IT IS HEREBY ORDERED that:

   1.   Plaintiff's Complaint is DISMISSED; and
   2.   Plaintiff is GRANTED LEAVE TO AMEND.  Plaintiff must file an amended complaint within thirty (30) days of the date of service of this order.

   IT IS SO ORDERED.

   Dated:   **May 8, 2007**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE