# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARJIE JEAN HAYMON, | ) | 1:07cv0639 AWI DLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION RE |
| v. | ) | DISMISSAL OF ACTION FOR FAILURE TO |
| | ) | STATE A CLAIM |
| SBC, et.al., | ) | |
| | ) | OBJECTIONS DUE AUGUST 15, 2007 |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this action on April 27, 2007. On May 10, 2007, the Court dismissed the complaint for failure to state a claim upon which relief can be granted. On July 11, 2007, plaintiff filed an amended complaint. Plaintiff alleges that she was injured by a loose SBC cable while she was walking down the street. Plaintiff contends the cable was attached to a PG&E pole. Plaintiff names SBC, AT&T Corporation and PG&E as defendants and requests monetary damages.

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

As in her original complaint, in the amended complaint, plaintiff has failed to state the grounds for jurisdiction of this Court pursuant to Rule 8. The Federal Courts are courts of limited jurisdiction. Unlike the state courts, there is no inherent or general subject matter jurisdiction. The Federal Court can only adjudicate those cases that the Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375 (1994). Plaintiff has not alleged any basis for Federal Court jurisdiction in the present case. Plaintiff has not alleged the deprivation of a federal constitutional or statutory right. Nor has plaintiff alleged the citizenship of any of the parties in the complaint.

For the above reasons, the Court recommends that plaintiff's complaint be dismissed for lack of jurisdiction. The Court does not recommend that leave to amend be granted as plaintiff was already given the opportunity to amend the complaint and was unable to cure the deficiencies.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  On or before August 15, 2007, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 21, 2007               /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE