# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MARJIE JEAN HAYMON** | ) | CIV F 07-639  AWI DLB |
| Plaintiff, | ) | ORDER ON FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE |
| v. | ) | |
| SBC, AT&T, and PG&E, | ) | (Doc. No. 8) |
| Defendants. | ) | |

Plaintiff Marjie Jean Haymon ("Plaintiff"), proceeding *pro se*, filed the instant action on April 27, 2007, and moved to proceed *in forma pauperis*. On May 10, 2007, the Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it due to the failure to plead jurisdictional facts. See Court's Docket Doc. No. 4. On July 11, 2007, Plaintiff filed an amended complaint. See id. at Doc. No. 7. On July 23, 2007, the Magistrate Judge issued Findings and Recommendations that the action be DISMISSED without leave to amend on the grounds that Plaintiff again failed to plead adequate jurisdictional facts. See id. at Doc. No. 8. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within ten (10) court days plus three days if served by mail. Plaintiff timely responded, but her response only states that she filed a statement of her case on July 11, 2007, and attaches a copy of her July 11, 2007, amended complaint. See Court's Docket Doc. No. 9.

1          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a
2   *de novo* review of the case.  Having carefully reviewed the entire file, the Court agrees with the
3   ultimate conclusion of the Findings and Recommendation, but differs only with the analysis.
4          In construing *pro se* pleadings, those pleadings are to be liberally construed in the light
5   most favorable to the *pro se* litigant.  See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).
6   The Findings and Recommendations recommend dismissal for failure to allege jurisdictional
7   facts. There is no allegation of diversity jurisdiction or of citizenship of the named Defendants.
8   However, in the caption of the amended complaint, Plaintiff has written "Civil Rights Act, 42
9   U.S.C. § 1983." Construing the complaint liberally, the Court concludes that Plaintiff is alleging
10  a claim under 42 U.S.C. § 1983 and thus, is alleging federal question jurisdiction.
11         Nevertheless, to properly allege a claim under 42 U.S.C. § 1983, Plaintiff must allege that
12  Defendants are state actors and that a right secured by either federal law or the United States
13  Constitution has been violated by those state actors.  See 42 U.S.C. § 1983; Ball v. Rodgers, 492
14  F.3d 1094, 1103 (9th Cir. 2007) (discussing Maine v. Thiboutot, 448 U.S. 1, 4 (1980));
15  Crumptom v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  The amended complaint alleges that a
16  wire came loose, fell, and hit Plaintiff.  See Court's Docket Doc. No. 7.  The amended complaint
17  alleges that she called PG&E, who informed her that the wire was that of SBC.  See id.  There
18  are no allegations that the Defendants are state actors and the allegations do not suggest that
19  Defendants are state actors.  Further, there is no indication that any of Plaintiff's federal rights
20  were violated when the wire came loose and fell.  Instead, the allegations indicate a state law tort
21  claim against private parties.  In other words, the complaint indicates that this is a state law
22  matter and that any action should proceed in state court.
23         When amendment would be futile, leave to amend need not be granted.  See Flowers v.
24  First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002).  Given the allegations in the complaint,
25  the Court believes that it is clear that the deficiencies of her 42 U.S.C. § 1983 claim cannot be
26  cured by amendment.
27  / / /
28

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Amended Complaint is DISMISSED without leave to amend but without prejudice to refiling in state court; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:  December 12, 2007**          /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE