IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARJIE HAYMON,** | 1:07-CV-0639 AWI DLB |
| **Plaintiff**, | **ORDER DENYING MOTION TO REOPEN CASE** |
| v. | |
| **SBC, AY&T, AND PG&E,** | (Document #13) |
| **Defendants**. | |

## BACKGROUND

In this action, Plaintiff filed a complaint that alleged it was being brought pursuant to 42 U.S.C. § 1983.   Plaintiff alleged that she was injured by a loose SBC cable while she was walking down a street.   Plaintiff claims the cable was attached to a PG&E pole.

On July 23, 2007, the Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended the action be dismissed for lack of jurisdiction because the complaint fails to allege that state actors violated Plaintiff's constitutional rights.   On December 12, 2007, the court adopted the Findings and Recommendations.   The court agreed that the complaint failed to state a claim for a civil rights violation because there were no allegations that the defendants were state actors and because Plaintiff failed to explain what constitutional right had been violated.   Because Plaintiff was previously given notice of these pleading deficiencies, the court dismissed the case without leave to amend.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

## DISCUSSION

Nothing in the motion to reopen this case causes the court to believe that it erred in dismissing this case for lack of jurisdiction and failure to state a claim. In her motion to reopen,

2

Plaintiff again states that she was injured by SCB's cable.  Petitioner states that there are now guards by the cable poles.  Plaintiff claims that Defendants will not pay for her doctor visit. Plaintiff argues that under the Constitution Defendants are obligated to make what's wrong, right.

Plaintiff filed this action under 42 U.S.C. § 1983, which allows suits against state actors for actions taken under state law that violate the Constitution, and reads in part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).   Here, both the original and amended complaint failed to allege a constitutional right that was violated.   In addition, the named defendants are not state actors acting under color of state law.  The defendants are private companies.  Generally, private parties are not acting under color of state law.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Accordingly, Plaintiff's motion to reopen this action must be denied.[1]

**ORDER**

Accordingly, the court ORDERS that Plaintiff's motion to reopen the case is DENIED.

IT IS SO ORDERED.

**Dated:   March 17, 2008**          /s/ Anthony W. Ishii
                                                            UNITED STATES DISTRICT JUDGE

---

[1] The court is not saying that Plaintiff has no remedy, such as a negligence claim, against these defendants.  The court only finds that Plaintiff cannot allege a constitutional claim based on the events underlying this action against these Defendants.

3